```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

LARRIANTE SUMBRY,              )
                               )
        Petitioner,            )
                               )   C.A. No. 05-10414-JLT
        v.                     )
                               )
CECIL DAVIS,                   )
                               )
        Respondent.            )
```

                        ORDER OF DISMISSAL

TAURO, District Judge

   For the reasons set forth below, the Court (1) dismisses for lack of jurisdiction the petitioner's request under 28 U.S.C. § 2254 for habeas relief; (2) certifies that an appeal of this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3); and (3) denies as moot the petitioner's application to proceed in forma pauperis.

                            BACKGROUND

   On February 28, 2005, petitioner Larriante Sumbry, currently incarcerated in a state prison in Michigan City, Indiana, filed in this Court a petition for habeas relief pursuant to 28 U.S.C. § 2254, as well as an application to proceed in forma pauperis. In his § 2254 petition, Sumbry alleges that he is imprisoned as a result of having been "illegally arrested" by the "Gary Police" in 1998.  Pet. at 1.  Sumbry also alleges that the Indiana prison "fictitiously took One [sic] good time credit which artificially put his release date until 2001, and his original date is November 5, 2005."  Id. at 1-2.  The petition for habeas relief

also includes some unintelligible claims: "INDIANA STATE PRISON does not and can never possess any jurisdiction over One natural person flesh-and-blood human being, because INDIANA STATE PRISON have power over other entities in their realm not a natural person as One acting with rights who is a non-entity"; and "INDIANA STATE PRISON write fictitious conduct reports on One through a fictitious code procedure that has the force of law that is rewritten but is not actual and this praxis is void of the United States Constitution."  Id. at 2 (all syntax and capitalization in original).

## DISCUSSION

I.   The Court Is Without Jurisdiction over Sumbry's Petition

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, --U.S.--, 124 S.Ct. 2711, 2722 (2004) (quoting 28 U.S.C. § 2241(a)).  Unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  Id.  Here, the petitioner challenges his present physical confinement in a state prison located within the Northern District of Indiana.  Because Sumbry is not confined within the District of Massachusetts, the Court is without jurisdiction over the present petition.

II.  <u>The Court Will Dismiss Rather than Transfer the Petition</u>

The Court, could, in its discretion, transfer Sumbry's petition to the Northern District of Indiana:  "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, <u>if it is in the interest of justice</u>, transfer such action ...."  28 U.S.C. § 1631 (emphasis added).  Here, however, it is clearly not in the interest of justice to transfer Sumbry's petition to the Northern District of Indiana.

Sumbry did not file his petition in the District of Massachusetts because of error.  Rather, it was a calculated attempt to circumvent the filing restrictions the Seventh Circuit has imposed on Sumbry.  In <u>Montgomery v. Davis</u>, 362 F.3d 956 (7th Cir. 2004) (per curiam), the Seventh Circuit addressed Sumbry's long history of filing meritless lawsuits and the fines and other sanctions that have been imposed on Sumbry as a result of his abuse of the judicial process.  The Seventh Circuit fined Sumbry $500.00 and ordered that, until Sumbry had paid the $500.00 sanction and all other outstanding fees and sanctions, "clerks of all federal courts within this circuit must return any unfiled papers submitted by ... Sumbry in any habeas corpus action unless the petition attacks a state court imposed criminal judgment."  <u>Id.</u> at 957.  The court added that, because "Sumbry [has] received federal habeas corpus review of [his] current convictions, [he

3

is] effectively barred from filing any civil action in the district courts until [he] settle[s] [his] debts to the federal judicial system." Id. at 958.

Thereafter, in an apparent attempt to avoid the Seventh Circuit's prohibition, Sumbry filed lawsuits in courts outside of Indiana. As Judge Sharp of the federal district court for the Northern District of Indiana recently noted, after Montgomery, Sumbry filed six lawsuits in five federal district courts outside of Indiana (District of Columbia, Southern District of California, Northern District of Oklahoma, Southern District of Florida, District of Maryland) which were transferred to the federal district court for the Northern District of Indiana because the originating courts were without jurisdiction to hear Sumbry's claims. See Sumbry v. Davis, Cause No. 3:05-CV-113 AS, at 2 (N.D. Ind. Mar. 7, 2005) (Sharp, J.). In each instance, the clerk of the court "properly accepted the transfer and opened a new case which was promptly dismissed by order of this court." Id. at 2-3. Judge Sharp cautioned Sumbry:

> [I]f [Sumbry] persists in abusing the judicial process
> by sending papers to other district courts in an
> attempt to circumvent the Seventh Circuit's orders
> restricting his vexatious filings, the court of appeals
> might order the superintendent of the facility in which
> he is housed to restrict him from mailing anything to
> any federal court other than this one.

Id. at 3. Notwithstanding Judge Sharp's caution and the Montgomery order, on April 1, 2005, Sumbry filed a § 2254

4

petition in the federal district court for the District of New Hampshire.  See Sumbry v. Davis, Case No. 1:05-fp-00112 (D.N.H.).

In addition to the district courts that have transferred Sumbry's petitions to the Northern District of Indiana, other district courts have dismissed Sumbry's petitions outright for lack of jurisdiction.  See, e.g., Sumbry v. Davis, Case No. CV-04-621-S-BLW (D. Idaho Mar. 2, 2005) (Winmill, C.J.); Sumbry v. Gary Police, C.A. No. 05-75 Section "R"(3) (E.D. La. Feb. 16, 2005) (Vance, J.); Sumbry v. Davis, Case No. 04-3496-SAC (D. Kan. Jan. 11, 2005 (Crow, S.J.).  In fact, an electronic search of the dockets of federal district courts nationwide reveals that, when this Court received Sumbry's petition on February 28, 2005, Sumbry had already filed approximately twenty lawsuits in at least twelve federal district courts outside of Indiana. Incredibly, in his petition to proceed in forma pauperis, Sumbry represents that the only federal court outside of Indiana in which he has ever filed a lawsuit is the district court for the Southern District of Florida.[1]

There is no question that transferring this petition to the Northern District of Indiana would be counter to the interests of justice.  Judge Sharp of that district stated, "When [Sumbry]

---

[1] Sumbry's signature on the application to proceed in forma pauperis is dated November 12, 2004.  Even on that date, his representation concerning filings in federal courts outside of Indiana was false.

attempts to directly file papers in this district, where the clerk's office is painfully familiar with his litigation history, the staff understands their obligation to return unfiled Mr. Sumbry's papers.  Obviously this is not true in district courts outside of the Seventh Circuit." Sumbry v. Davis, Cause No. 3:05-CV-113 AS, at 2.  The federal district courts that transferred Sumbry's cases to the Northern District of Indiana were most likely unaware of Sumbry's modus operendi.  See id. (stating that transferring courts "properly transferred" their Sumbry cases to the Northern District of Indiana).  In this case, however, transfer would not be proper because the Court is aware of the restrictions the Seventh Circuit imposed on Sumbry's freedom to file pleadings and of his abuse of the judicial process.  This Court refuses to allow Sumbry to achieve indirectly that which the Seventh Circuit has prohibited him from doing directly.  The Court therefore orders that this case be dismissed for lack of jurisdiction.  To the extent that Sumbry has any right to habeas relief, he must seek that relief in the Northern District of Indiana.

III. Certification that Appeal Would Not Be Taken in Good Faith

The Court also certifies that any appeal from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(1)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good

faith."). Assuming, arguendo, that Sumbry's motive in appealing this order was not improper, his appeal would nonetheless not be taken in good faith: "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674, 674 (1958) (per curiam); see also Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000); Wooten v. District of Columbia, 129 F.3d 206, 208 (D.C. Cir. 1997). In legal parlance, a complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Any argument on appeal that the Court improperly dismissed Sumbry's case would "lack[] an arguable basis in law or in fact." The Court's lack of jurisdiction over this case is unquestionable, and transferring this case to the Northern District of Indiana would work against the sanctions imposed by the Seventh Circuit. Thus, if Sumbry chooses to appeal this order, he will not be able to do so proceeding in forma pauperis.

## CONCLUSION

Accordingly, the Court (1) orders that this case be dismissed in its entirety; (2) certifies that any appeal of this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3); and (3) denies as moot Sumbry's application to proceed in forma pauperis.

The clerk shall send a copy of this order to the Honorable

Allen Sharp, District Judge, Northern District of Indiana, 124 Federal Building, 204 S. Main Street, South Bend, IN 46601.

    SO ORDERED.


 4/12/05                              /s/ Joseph L. Tauro
Dated                                 UNITED STATES DISTRICT JUDGE