UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
LARRIANTE SUMBRY,              )
                               )
          Petitioner,          )
                               )
     v.                        )    C.A. No. 05-10414-JLT
                               )
CECIL DAVIS,                   )    (1st Cir. No. 05-1617)
                               )
          Respondent.          )
```

ORDER ON PETITIONER'S MOTION FOR
LEAVE TO APPEAL IN FORMA PAUPERIS

TAURO, District Judge

     For the reasons stated below, the Court denies the

petitioner's motion for leave to appeal in forma pauperis.

BACKGROUND

     On April 12, 2005, the Court ordered the dismissal of the

Larriente Sumbry's request under 28 U.S.C. § 2254 for habeas

relief.  In its order of dismissal, the Court explained that it

lacked jurisdiction over Sumbry's petition because Sumbry was not

"in custody" within the District of Massachusetts.  The Court

declined to transfer the case to the district in which Sumbry was

confined--the Northern District of Indiana--because Sumbry had

apparently filed his petition in the District of Massachusetts

(and in many other federal district courts outside of Indiana[1])

_____

     [1]The Court notes that between April 12, 2005 and the present
date, Sumbry filed habeas petitions in the District of Wyoming,
Sumbry v. Davis, C.A. No. 05-10025-CAB (filed Apr. 25, 2005); the
District of Columbia, Sumbry v. Davis, C.A. No. 05-00905-UNA
(filed May 6, 2005); the Northern District of Iowa, Sumbry v.
Davis, C.A. No. 05-00088-LRR (filed May 18, 2005); the Eastern
District of New York, Sumbry v. Davis, C.A. No. 05-03253-NG

in an attempt to circumvent the filing restrictions placed upon him by the Seventh Circuit Court of Appeals in <u>Montgomery v. Davis</u>, 362 F.3d 956 (7th Cir. 2004) (per curiam).  In the same order, the Court certified that an appeal of the order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).[2]

Sumbry now seeks <u>in forma pauperis</u> status to appeal the dismissal of his case.  On July 13, 2005, the First Circuit Court of Appeals transmitted to this Court Sumbry's motion for leave to appeal <u>in forma pauperis</u>.

DISCUSSION

The Court denies Sumbry's motion for leave to appeal <u>in forma pauperis</u> on the ground that any appeal of the Court's April 12, 2005 order of dismissal would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3)("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").  The Court already explained the basis for this holding in its April 12, 2005 order:

> Assuming, <u>arguendo</u>, that Sumbry's motive in appealing this order was not improper, his appeal would

_____

(filed June 10, 2005); and the Eastern District of Virginia, <u>see</u> <u>Sumbry v. Davis</u>, C.A. No. 05-00125-GBL (filed June 27, 2005).

[2]The Clerk sent a copy of the Court's April 12, 2005 order to Judge Allen Sharp of the Northern District of Indiana, who, in turn, directed that a copy of this Court's order be forwarded to the Seventh Circuit Court of Appeals.  <u>See</u> <u>Sumbry v. Davis</u>, Cause No. 3:05-CV-113-AS (D. Ind. Apr. 19, 2005) (Sharp, J.).

2

nonetheless not be taken in good faith: "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." <u>Ellis v. United States</u>, 356 U.S. 674, 674 (1958) (per curiam); <u>see also</u> <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000); <u>Wooten v. District of Columbia</u>, 129 F.3d 206, 208 (D.C. Cir. 1997).  In legal parlance, a complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  Any argument on appeal that the Court improperly dismissed Sumbry's case would "lack[] an arguable basis in law or in fact."  The Court's lack of jurisdiction over this case is unquestionable, and transferring this case to the Northern District of Indiana would work against the sanctions imposed by the Seventh Circuit.  Thus, if Sumbry chooses to appeal this order, he will not be able to do so proceeding <u>in forma pauperis</u>.

Apr. 12, 2005 Order at 7.

<u>CONCLUSION</u>

Accordingly, the Court denies Sumbry's motion for leave to appeal <u>in forma pauperis</u>.

SO ORDERED.

 8/1/05                              /s/ Joseph L. Tauro
Dated                          UNITED STATES DISTRICT JUDGE